## CIRCUIT COURT OF ARLINGTON COUNTY

Buchanan Apartments Associates

v.

Arlington County

February 22, 1974

Case No. (Law) 16676A

By JUDGE CHARLES H. DUFF

I have carefully reviewed the authorities which were cited in connection with the Demurrer and Plea in Abatement and hasten to advise you of my opinion.

The common law did not recognize a partnership as a legal entity distinct from and independent of the persons composing it. Accordingly, at common law a partnership could not, as such, sue or be sued in its firm name. In the absence of statutory authority to the contrary, suits had to be brought in the name of individual partners. Even the limited partnership laws generally contemplate that actions shall be brought by and against general partners rather than in the firm name. See *40 Am. Jur. 429 - Partnerships*.

There is nothing in the Uniform Partnership Act specifically authorizing suit against a limited partnership in its firm name. Plaintiff relies on Title 8-66 as authority for a limited partnership suing in its own name. In one sense of the term a partnership is an unincorporated association; however, as was stated in *Yonce* v. *Miners' Memorial Hospital Association*, 161 F. Supp. 178, the word "association" as used in this statute refers to associations such as trade unions, fraternal organizations, business organizations and the like. I am not of the opinion that the statute contemplated a true partnership within its

embrace. Accordingly, the Demurrer is sustained and leave of twenty-one days granted the plaintiff to amend its action.